IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, STATE OF FLORIDA
CIVIL DIVISION

HEATHER WAHY,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.

    Defendant.
_____/

CASE NO.: 05-2007-CA-67261

DIVISION:

## AMENDED COMPLAINT

The Plaintiff, by and through the undersigned counsel, sues the Defendant and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes including § 559.77.

3. Defendant is a resident of Florida and/or a foreign state, or the cause of action arises from business activities conducted in Florida, which give rise to this suit.

### FACTS COMMON TO ALL COUNTS

4. Defendant is the corporate entity responsible for attempting to collect a consumer debt from Plaintiff.

5. Defendant consents of and has knowledge and control of the collection activities of their representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors an alleged debt of Plaintiff's sister-in-law of an unknown amount.

6.      Defendant intentionally and willfully harassed and abused Plaintiff by repeatedly contacting Plaintiff although debt **belongs to Plaintiff's sister-in-law.**

7.      Defendant intentionally harassed and abused the Plaintiff on numerous occasions by their representatives falsely indicating they were an attorney.

8.      All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Fair Debt Collection Practices Act – FDCPA)

The Plaintiff re-alleges paragraphs one (1) through thirteen (8) as if fully restated herein and further states as follows:

9.      The Defendant violated provisions of 15 U.S.C. §1692c(b) by communicating with third parties, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and by communicating, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

10.     The Defendant violated provisions of 15 U.S.C. §1692d by engaging in conduct in which the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

11.     The Defendant violated provisions of 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

12.     The Defendant violated provisions of U.S.C. §1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

13.     The Defendant violated provisions of U.S.C. §1692e(3) by using false

representation or implication that any individual is an attorney or that any communication is from an attorney.

14. The Defendant violated provisions of U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15. The Defendant violated provisions of U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

WHEREFORE, Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant for statutory damages, actual damages, an injunction from similar conduct, costs, interest, attorney fees and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and U.S. Mail this 19th day of March, 2008 to: Dayle M. Van Hoose, Esquire, Sessions, Fishman, Nathan & Israel, LLP, 9009 Corporate Lake Drive, Suite 300-S, Tampa, Florida 33634 (813-889-9757).

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, P.A.
201 North Franklin St.
6th Floor
Tampa, Florida 33602
813.223.5505
813.275.5402 - f
FBN: 0103330
Attorneys for the Plaintiff
whoward@forthepeople.com